UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LANIE DRINION THOMISEE**                **DOCKET NO. 6:24-cv-0062**
                                                            **SECTION P**

**VERSUS**                **JUDGE JAMES D. CAIN, JR.**

**POLICE DEPT OF LAKE CHARLES,**    **MAGISTRATE JUDGE LEBLANC**
**ET AL.**

## ORDER

Pursuant to a letter/motion filed in this Court on February 26, 2024, plaintiff requests that the Court order the Warden of the Calcasieu Parish Correctional Center to provide the documents necessary for plaintiff to complete her application to proceed *in forma pauperis,* as well as appoint counsel. Doc. 7. Plaintiff's request for appointment of counsel reiterates an earlier request. *See* Doc. 2.

With respect to plaintiff's request regarding his prison account, that request is **GRANTED**. The Clerk of Court is instructed to serve, by certified mail, the Warden of the Calcasieu Parish Correctional Center with: (1) a copy of this Order; and (2) a copy of the Court's Application to Proceed *In Forma Pauperis*, including the accounts officer page.

**IT IS ORDERED** that, within thirty (30) days from the date of this Order, the Warden shall: (A) ensure that an authorized officer at the facility completes the accounts officer page, signs it, and attaches a certified copy of plaintiff's prison trust fund account showing at least the past six months' transactions; and (B) mail the accounts officer page to the Clerk of Court, John M. Shaw United States Courthouse, 800 Lafayette St., Suite 2100, Lafayette, LA 70501.

Regarding plaintiff's motion to appoint counsel, that request is **DENIED**. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C.

§1983.  "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985).  Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.  In the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814, 1818 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).  No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeal has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors:  the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."  See *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex.  Further, plaintiff has not shown himself to be unable to represent his own legal

2

interests. See *Lozano v. Schubert,* 41 F.4th 485, 492-493 (5th Cir. 2022); *Brown v. Tarrant County, Texas*, 985 F.3d 489, 499 (5th Cir. 2021).  Accordingly, plaintiff's request for appointment of counsel is **DENIED**, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

Accordingly,

**IT IS ORDERED** that document 7 is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that document 2 is DENIED in part with respect to plaintiff's request for appointment of counsel, and ruling on plaintiff's request to proceed *in forma pauperis* is deferred pending plaintiff's submission of a properly completed application.

THUS DONE AND SIGNED in chambers this 24th day of May, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE