**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **LANIE DRINION THOMISEE** | **DOCKET NO. 24-cv-00062** |
| **D.O.C. # 1538636** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| | |
| **POLICE DEPT. OF LAKE CHARLES** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Pro se plaintiff, Lanie D. Thomisee ("Thomisee"), filed a civil rights complaint pursuant to 42 U.S.C. §1983 on January 3, 2024, alleging excessive force by a Lake Charles police officer in connection with an arrest. The complaint contains a request for a temporary restraining order to enjoin this officer, as well as any other officers, from retaliation. Doc. 1, p. 4, ¶ 5. Thomisee, an inmate in the custody of the Louisiana Department of Corrections, is currently incarcerated at Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, **IT IS RECOMMENDED** that the Motion for Temporary Restraining Order (doc. 1, p. 4, ¶ 5) be **DENIED.**

**I.      BACKGROUND**

Plaintiff's civil rights complaint alleges excessive force by a Lake Charles police officer during an October 14, 2023, arrest. Doc. 1, p. 1. The complaint contains a request for a temporary restraining order to enjoin this officer, as well as any other officers, from retaliation. Doc. 1, p. 4, ¶ 5.

## II.    LAW AND ANALYSIS

### A. TEMPORARY RESTRAINING ORDER ("TRO")

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a TRO. Absent notice and opportunity to be heard from the opposing party, a TRO encompasses only restraint on a party for a fourteen-day period. Fed. R. Civ. P. 65(b)(2). If a plaintiff's request for restraint extends beyond this period, then the Court may construe his requests as a motion for a preliminary injunction; as such, plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d at 1211. A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000).

If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985). Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright,* 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

### B. APPLICATION

Plaintiff has not shown a substantial likelihood that he will prevail on the merits, and, as such, this motion should be denied. A claim of retaliation cannot be prospective or speculative. *Wright v. Pollock,* 2022 U.S. Dist. LEXIS 19704, at *4-5 (W.D. La., Jan. 11, 2022) (*citing Burley v. Davis,* 6:17-cv-490, 2018 U.S. Dist. LEXIS 37291, 2018 WL 3301708, at *3 (E.D. Tex. Feb. 5, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 36108, 2018 WL 1165840 (E.D. Tex. Mar. 6, 2018); *Magee v. Crowe,* 09-CV-0167, 2010 U.S. Dist. LEXIS 119989, 2010 WL 4338641 (E.D. La. 2010) (denying TRO and preliminary injunction for possible future retaliation); *Damm v. Rubin,* 07-CV-717, 2007 U.S. Dist. LEXIS 45552, 2007 WL 1741743 (W.D. La. 2007) (denying TRO for possible future retaliation); *Holloway v. Johnson,* 98-CV-048, 2000 WL 33348780 (W.D. Tex. 2000) (denying TRO and preliminary injunction for possible future retaliation).

### III.    CONCLUSION

For the reasons stated above,

**IT IS RECOMMENDED** that Thomisee's Motion for Temporary Restraining Order be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 12th day of September, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE